**886**

STATE of Missouri,
Plaintiff-Respondent,

v.

Richard CHOATE, Defendant-Appellant.

No. 12617.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 11, 1983.

Motion for Rehearing or to Transfer
Denied Jan. 27, 1983.

Application to Transfer Denied
March 29, 1983.

David H. Jones, Fielder, Jones, Conklin & Skinner, Springfield, for defendant-appellant.

John Ashcroft, Atty. Gen., John B. Jacobs, Jr., Kristie Green, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Judge.

A jury found defendant Choate guilty of kidnapping, § 565.110 RSMo 1978, and he was sentenced to ten years imprisonment. Defendant appeals.

Defendant contends that the trial court erred in denying his motion for mistrial based on a statement made by prosecutor Aiken in the presence of the jury at the close of defendant's evidence.

The victim of the offense was a woman. On May 4, 1981, at approximately 11 p.m., defendant and three companions went to the residence of the victim in Springfield. The victim was kidnapped at knifepoint and driven to "somewhere in the country" where she was repeatedly raped by defendant and at least one of his companions. The defense evidence consisted of the testimony of a clinical psychologist and defendant himself. Defendant testified that throughout the day of the offense, and prior to its commission, he had consumed wine, beer and tequila and had smoked marijuana. He testified that due to his intoxicated condition he had no memory of the events which took place between 9:30 p.m. on May 4 and 9:30 a.m. on May 5. Asked if he had had sexual intercourse with the victim, his response was, "not that I am aware of." He referred to his condition as a "black out." The psychologist testified that defendant was an alcoholic who suffered from "black outs."

After the two defense witnesses had testified, there was a conference at the bench in which Mr. Aiken informed the trial judge that he was surprised by the defense and did not know about it until defense counsel David Jones made his opening statement at the close of the state's evidence. Mr. Aiken said that he "had a couple of doctors endorsed" and "I would like the chance to get them back to the courthouse." The court denied the prosecutor's request for a recess until the next morning.

After the bench conference ended, and in the presence of the jury, the following occurred:

"COURT: Mr. Aiken?

"MR. AIKEN: Yes, Your Honor, I have two rebuttal witnesses I'd like ... not anticipating the defense of 'black-out', I would like an opportunity to get my doctors....

"COURT: ... Now, you don't need to make a speech leading up to it.

"MR. AIKEN: I would like ... request time from the Court to contact the medical doctors and ask that they be called back....

"COURT: ... You've done that, Mr. Aiken, at the bench.

"MR. AIKEN: Well, I would like...

"COURT: ... And, you wanted it continued until tomorrow. I've indicated I would not do it. Now, if you want to discuss something further....

"MR. AIKEN: ... Would it be possible....

"COURT: ... at the bench, we'll hear it that way.

"MR. JONES: Well, I would like to make a record, Judge."

A bench conference ensued during which defense counsel objected to the first quoted statement of Mr. Aiken. The objection was: "Judge, what Mr. Aiken just did in front of the jury was saying that he wasn't aware of the defense, at all; and it makes it look like that I did not disclose to him ... that I have done something that I shouldn't have done...." The court said the objection would be sustained and the jury would be instructed to disregard the statement. Defense counsel then moved for a mistrial and the motion was overruled.

The conference ended and the trial resumed before the jury. The trial court said to the jury: "The court has stricken everything said by the prosecutor after the defendant rested. That will be put out of your minds, and it's out of the record; you

will give no weight to it." Thereafter the state put on two rebuttal witnesses, including a physician.

On this appeal defendant claims that the challenged statement entitled him to a mistrial because the statement: (a) "was clearly a misrepresentation as to the nature of the defense of intoxication," and (b) "established an inference that defendant had not disclosed to the state the nature of the defense." [1]

Instruction 2, read to the jury at the outset of the trial, included this language: "You must not consider as evidence any statement or remark or argument by any of the attorneys addressed to another attorney or to the Court unless it is in the form of a stipulation or an agreement between them or an admission by one of them concerning a particular matter."

The challenged statement did not prompt an immediate objection by defense counsel. It was only after the trial court had reprimanded Mr. Aiken that defense counsel interposed an objection. The objection did not include all of the criticisms which defendant now seeks to level against the statement. The statement itself does not appear to this court to contain all of the venom which defendant seeks to ascribe to it and, in any event, any toxicity in the remark was excised by the action of the trial court in sustaining the objection and instructing the jury to disregard the remark.

This court holds that the error, if any, produced by the prosecutor's remark, was effectively dealt with by the trial court and it did not abuse its discretion in denying defendant's motion for the drastic relief of mistrial.

Defendant's contention has no merit. The judgment is affirmed.

GREENE, C.J., and TITUS and CROW, JJ., concur.

---

1. Defendant also argues that the trial court, in granting the state a recess, "created a suggestion to the jury that the court was not accepting the defense of intoxication, thus diminishing the defense of intoxication by allowing the state to present further evidence from doctors."

The action of the trial court in permitting the state to have a short recess and to adduce rebuttal evidence was not assigned as error in the motion for new trial and thus has not been preserved for appellate review. Rule 29.11(d) V.A.M.R.